By the Court.—Monell, J.
It is not necessary to determine whether the defendant’s relation to the deposit made by the parties, was that of trustee or bailee. In either mase, it was his duty to place the securities as required by the agreement. His omission to ! do so was a breach of duty for which he became responsible to the cestui qui trusts or bailors.
He was the “ custodian” of the fund which gave to him the attributes, and imposed upon him the duties of either trustee or bailee.
The defendant, having failed to deposit the bond in the Safe Deposit Company, as required by the trust or *24 bailment, became immediately liable to the several parties for his breach of duty ; and if such breach, coupled with a demand and refusal, was a conversion by the defendant of the security, so as to lay a foundation for this action, 'then it was error to exclude the evidence offered by the plaintiff.
It is a general rule, that a violation by one party to an agreement, authorizes the other party to rescind, and to claim to be restored to all his rights of property under the contract. So if a bailee of property neglects or omits to preserve or 'dispose of it, in accordance with his duty, it would be a conversion of the property (Bristol v. Bent, 7 J. R. 258 ; King v. Geib, 4 N. Y. Leg. Ob. 343). And if a trustee of an express trust fail to execute the trust, it is such a violation of duty as renders him responsible to the cestui gui trust; and, therefore, where, as in this case, the custodian of the securities refuses or neglects to deposit them as required by the agreement, he loses all right to retain them, and his refusal to deliver them to the depositors was a conversion, and sufficiently laid the foundation for a recovery of the possession of the security.
I am also of the opinion that the agreement under - which the defendant held the securities was terminated, as to all the parties, prior to the demand for the return of the bond in suit. Any one party could terminate the agreement as to all, by giving ten days’ notice ; and the provision that the money or securities should remain in the possession of the defendant, until the expiration of the agreement, had reference to its termination by the ten days’ notice, and not to the period of five years limited for its continuance, if not sooner terminated by the parties.
Upon the termination of the agreement by the notice of Leroy & Co., it was the duty of the defendant to return the bond to the plaintiff, and his refusal to do so made him liable in this action.
*25 For these reasons the judgment should he reversed, and a new trial granted, with costs to the appellants, to abide the event.